IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JULIA RORAH, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | No. 13 C 01827 |
| **PETERSEN HEALTH CARE,** | ) ) | Judge John J. Tharp, Jr. |
| **Defendant.** | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Julia Rorah filed this action, individually and on behalf of all others similarly situated, against Petersen Health Care ("PHC"), alleging that the defendant failed to pay her earned wages and overtime for work she performed in excess of forty hours per week, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105/4(a), 115/3 *et seq.* Now before the Court is the defendant's motion to transfer venue to the Western Division of the Northern District of Illinois ("Western Division") pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the defendant's motion is granted.

    I.    **BACKGROUND**

Plaintiff Rorah is a licensed practical nurse who resides in Annawan, Illinois, located in the Central District of Illinois ("Central District"). Def.'s Reply, Dkt. 24 at 6 n.1. She contends that during her employment with PHC the defendant failed to pay her the wages she earned while working during her lunch period, as well as overtime wages for the work she performed in excess of forty hours per week, pursuant to the FLSA and IMWL. Am. Compl. at ¶ 3-5. The defendant operates roughly 60 facilities that offer various healthcare related services, including

assisted living, independent living, skilled nursing facilities, supported living, and retirement communities. *Id.* at ¶ 16. The plaintiff worked at PHC's facility in Morrison, Illinois, which is located in the Western Division, from May 2010 to November 2011, and at their facility in Royal Oaks, Illinois, located in the Central District, from April 2012 to November 2012. *Id.* at ¶ 11. PHC's other facilities are located throughout the Midwest. In particular, and most relevant to the instant motion, three PHC facilities are located in the Eastern Division of the Northern District of Illinois ("Eastern Division"), at least six facilities are in the Western Division, and at least ten facilities, including PHC's corporate headquarters, are in the Central District. Def.'s Reply, Dkt. 24 at 5.

Despite the fact that Rorah does not live in, and the material events of her allegations occurred outside of, the Eastern Division, she chose to file her putative FLSA collective action in this Court. PHC contends that this action should be transferred to the Western Division because the material events of this case occurred in the Western Division, the Western Division is the more convenient venue for the parties and witnesses, and the Western Division has a greater interest in the litigation of this matter than the Eastern Division. Mot. to Change Venue, Dkt. 13 at 2-6. Rorah, on the other hand, argues that this case should not be transferred to the Western Division because the Eastern Division is the more convenient forum. Pl.'s Resp., Dkt. 19 at 3.

**II.     ANALYSIS**

A district court may transfer a civil action to any district or division where the case may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Transfer of venue under § 1404(a) is proper if the moving party demonstrates that (1) the venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses, also called "private interest" factors; and (3) it is in the

interest of justice, also called "public interest" factors. *Bjoraker v. Dakota, Minn. & E. R.R. Corp.*, No. 12 C 07513, 2013 WL 951155, at *2 (N.D. Ill. Mar. 12, 2013) (citing *Navarette v. JQS Prop. Maint.*, No. 07 C 06164, 2008 WL 299084, at *3 (N.D. Ill. Jan. 29, 2008)); *see also Concrete Structures of Midwest, Inc. v. Treco Const. Servs., Inc.*, No. 95 C 50211, 1996 WL 67213, at *3 (N.D. Ill. Feb. 16, 1996) ("A motion to transfer venue between divisions is subject to the same analysis as any other transfer of venue." (citing *Carr v. Vill. of Rosemont,* No. 94 C 07355, 1995 WL 103635, at *1 (N.D. Ill. Mar. 3, 1995))).

District courts "take into account all factors relevant to convenience and/or the interests of justice," *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010), and have "discretion…to adjudicate motions for transfer according to [a] '…case-by-case basis consideration of convenience and fairness." *Id.* at 977 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)); *In re Joint E. & S. Dist. Asbestos Litigation,* 22 F.3d 755, 762 (7th Cir. 1994)); *see also id.* at 977-78 ("[The Seventh Circuit] grant[s] a substantial degree of deference to the district court in deciding whether transfer is appropriate." (citing *Tice v. Am. Airlines, Inc.,* 162 F.3d 966, 974 (7th Cir. 1998))). "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc.,* 626 F.3d at 978-79 (citing *Gueorguiev v. Max Rave, LLC,* 526 F. Supp. 2d 853, 857 (N.D. Ill. 2007); *Kubin–Nicholson Corp. v. Gillon,* 525 F. Supp. 2d 1071, 1075 (E.D. Wis. 2007); *Enviroplan, Inc. v. W. Farmers Elec. Coop.,* 900 F. Supp. 1055, 1064 (S.D. Ind. 1995); *Kendall U.S.A., Inc. v. Cent. Printing Co.,* 666 F. Supp. 1264, 1268–69 (N.D. Ind. 1987)).

Neither party disputes that the first two elements of the change-of-venue inquiry—venue in both the transferor and the transferee courts—have been satisfied in this case. Venue is proper

3

in either division because the Northern District of Illinois has no local rule requiring divisional venue—*i.e.,* cases occurring in the Northern District may be brought in either the Eastern or Western Division. *Id.* Accordingly, whether this case should be transferred depends on whether doing so will "satisf[y] both the private and public interests at stake." *Chi. Male Med. Clinic, LLC v. Ultimate Mgmt., Inc.,* No. 12 C 05542, 2012 WL 6755104, at *11 (N.D. Ill. Dec. 28, 2012) (quoting *Aramark Mgmt. Servs. L.P. v. Martha's Vineyard Hosp., Inc.,* No. 03 C 01642, 2003 WL 21476091, at *2 (N.D. Ill. June, 23, 2003)).

### A. Private Interest Factors

"In evaluating [private interest factors], the court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, No. 05 C 05484, 2006 WL 1543275, at *1 (N.D. Ill. June 1, 2006) (citing *Wash. Nat'l Life Ins. Co. v. Calcasieu Parish Sch. Bd.*, No. 05 C 02551, 2006 WL 1215413, at *8 (N.D. Ill. May 2, 2006)). Further, the moving party must show that the "transferee forum is clearly more convenient." *Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 991 (N.D. Ill. 2012) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)). As explained below, PHC has demonstrated that the balance of these factors weighs in favor of transferring this case to the Western Division.

#### 1. *The Plaintiff's Choice of Forum*

Generally, the plaintiff's initial choice of forum is entitled to substantial weight. *See Wright v. Godinez*, No. 12 C 05037, 2012 WL 5342366, at *2 (N.D. Ill. Oct. 26, 2012) (citing *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001)). However, this factor is not dispositive, *see Q Sales & Leasing, LLC v. Quilt Prot., Inc.,* No 01 C 01993, 2002 WL 1732418,

at *2 (N.D. Ill. July 26, 2002), and "is given less weight when (1) the plaintiff is a non-resident of the chosen forum; (2) the plaintiff sues derivatively or as a class representative; or (3) where the cause of action did not conclusively arise in the chosen forum." *Leuders v. 3M Co.*, No. 08 C 02456, 2008 WL 2705444, at *2 (N.D. Ill. July 9, 2008) (quoting *Carbonara v. Olmos*, No. 93 C 02626, 1993 WL 472651, at *2 (N.D. Ill. Nov. 15, 1993)).

In this case, the plaintiff's home forum is in the Central District, Def.'s Reply, Dkt. 24 at 6 n.1, she has filed this action as the representative of a putative FLSA collective action, Am. Compl., Dkt. 9 at ¶ 1, and the material events in this case occurred in the Central District and Western Division. *Id.* at ¶ 11. For these reasons, the plaintiff's choice of forum is given minimal deference and weighs neither in favor nor against transfer.

### 2. *The Situs of Material Events*

It is undisputed that the material events in this case occurred while the plaintiff was employed at the defendant's Morrison and Royal Oaks locations. *Id.* The Morrison location is in the Western Division. Mot. to Change Venue, Dkt. 13 at 3-4. The Royal Oaks location is in the Central District, but closer to the Western Division courthouse in Rockford than to the Eastern Division courthouse in Chicago. *Id.* at 4. Moreover, according to the plaintiff's amended complaint and responsive brief, none of the material events comprising her claims occurred in the Eastern Division. Accordingly, this factor weighs in favor of transfer.

### 3. *Ease of Access to Sources of Proof*

The defendant argues that all of the evidence is located in either Whiteside County, Henry County, or elsewhere in the Western Division and Central District. *Id.* at 3. Since this is an FLSA case in which it can be presumed that most or all of the evidence exists in the form of payroll records and policies or procedures, such evidence can easily be moved from one division

or district to another. *See, e.g., Cont'l Cas Co. v. Staffing Concepts, Inc.*, No. 06 C 05473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009) ("[D]ocumentary evidence is readily transferable and transporting it generally does not pose a high burden upon either party." (citing *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006); *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004))). If neither party alleges that records and documents cannot be easily transferred, the court gives little weight to the physical location of evidence. *Wash. Nat'l Life Ins. Co,* 2006 WL 1215413, at *10 (citing *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D.Ill.1998); *Von Holdt v. Husky Injecting Molding Sys. Ltd.*, 887 F. Supp. 185, 190 (N.D.Ill.1995)). Accordingly, this factor weighs neither in favor of transfer nor retention.

### 4. *The Convenience to the Witnesses*

"Convenience to the witnesses is the factor often viewed as having the most weight in determining whether to transfer venue." *St. Paul*, 2006 WL 1543275, at *4 (citing *Westchester Fire Inc. Co. v. Carolina Cas. Ins. Co*, No 03 C 04137, 2004 WL 170325, at *3 (N.D. Ill. Jan. 15, 2004)). "When evaluating this factor, the Court must examine 'the nature and quality' of each proposed witness's testimony…[and] whether the witnesses are likely to appear voluntarily, whether they will be subject to compulsory process, and whether they are experts, whose attendance is controlled by the party who hired them." *Toriumi v. Ritz-Carlton Hotel Co., LLC,* No. 06 C 01720, 2006 WL 3095753, at *2 (N.D. Ill. Oct. 27, 2006) (citing *Stanley v. Marion,* No. 04 C 00514, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004); *Karrels v. Adolph Coors Co.,* 699 F. Supp. 172, 176 (N.D. Ill. 1988)). Further, the convenience of employee witnesses is given less weight than the convenience of non-party witnesses. *See Toriumi*, 2006 WL 3095753, at *2 (citing *Coleman v. Buchheit, Inc.*, No. 03 C 07495, 2004 WL 609369, at *2 (N.D. Ill. Mar.

22, 2004) ("[C]ourts generally assign little weight to the location of employee witnesses, as they are under the control of the parties themselves.")).

The defendant has met its burden of production on this factor by identifying six of its employees who will testify and briefly outlining what their testimony will entail. *See Beigel & Sandler v. Weinstein*, No. 92 C 03932, 1993 WL 189920, at *3 (N.D. Ill. May 28, 1993) (requiring parties to clearly specify the witnesses to be called and to include a generalized statement of what their testimony will include in order for their convenience to be weighed in decision to transfer). Two of these witnesses are located in the Western Division, including Emily Dykstra, the Administrator at PHC's facility in Morrison, who will testify regarding the policies and procedures at the Pleasant View Rehabilitation & Health Care Center. *See* Def.'s Reply, Dkt. 24, Ex. A. The other four witnesses are located in the Central District. *Id.* The Court also notes, however, that these witnesses are under the employ of the defendant, who will likely be able to induce them to appear in court regardless of the division where this matter is litigated. *Toriumi*, 2006 WL 3095753, at *2 (citing *Coleman,* 2004 WL 609369, at *2).

That said, the plaintiff has not identified any witnesses. Further, the defendant's witnesses have each submitted a sworn affidavit averring that the Rockford courthouse in the Western Division is both the closer and more convenient venue for them. Accordingly, this factor weighs slightly in favor of transfer.

### 5.*The Convenience of the Parties*

The plaintiff contends that she filed her complaint in the Eastern Division simply because it was "more convenient," without further elaboration. As previously stated, Rorah lives in the Central District and her residence in Henry County is closer to the courthouse in the Western Division than the Eastern Division. Moreover, the defendant's headquarters in Peoria are located

closer to the Western Division courthouse than the Eastern Division courthouse, albeit, as the plaintiff points out, by only twenty miles.

The plaintiff also states that the defendant has three locations in the Eastern division where potential collective-action members could be located. But by this same token, the defendants have at least six locations in the Western Division where potential collective-action members could be located. Further, while the difference in distance from the defendant's Peoria headquarters to the Western Division's Rockford courthouse compared to the Eastern Division's Chicago courthouse borders on negligible, the effect of Chicago's traffic and congestion adds to the inconvenience to both parties of litigating in the Eastern Division. *See Thomas v. City of Woodstock*, No. 11 C 03602, 2011 WL 3841811, at *1 (N.D. Ill. Aug. 30, 2011) (factoring in Chicago traffic when evaluating venue change from Eastern to Western Division). Accordingly, this factor weighs in favor of transfer.

### B. Public Interest Factors

Public interest factors generally relate to "the efficient administration of justice, the court's familiarity with the relevant law, and whether the jurors in a particular district have a stake in the outcome of the litigation." *Leuders*, 2008 WL 2705444, at *3. Because this is a transfer between divisions, there is less of a concern with the first two interest-of-justice factors because "a transfer between divisions does not involve any conflict of laws issues, nor does it affect the familiarity of the trial court… [with] the governing law or the availability of unwilling witnesses to service of process." *Gulf Coast Bank & Trust Co. v. Home State Bank, N.A.*, No. 11 C 02617, 2011 WL 5374098, at *5 (N.D. Ill. Nov. 4, 2011) (quoting *Westchester Fire Inc. Co. v. Carolina Cas. Inc. Co.*, No. 03 C 4137, 2004 WL 170325, at *3 (N.D. Ill. Jan. 15, 2004)). This does not mean that the interests-of-justice factors are irrelevant. Because at least some of the

material events of this case occurred in the Western Division and no material events occurred in the Eastern Division, and because PHC has double the facilities in the Western Division (six) compared to the Eastern Division (three), the Western Division has a greater stake in the outcome of this litigation.

The balance of private and public factors point to the Western Division's stronger nexus to the material events in this case, and therefore, weigh in favor of transfer. Moreover, the plaintiff has not shown that she will be inconvenienced if this matter is litigated in the Western Division. Accordingly, the defendant's motion to transfer venue is granted.

*   *   *

The defendant has shown that material events of this case occurred in the Western Division, the Rockford courthouse is a more convenient venue for the parties and potential witnesses, and that transferring this case to the Western Division would serve the public interest. Accordingly, the defendant's motion to transfer venue is granted.

Entered: July 8, 2013

_____
John J. Tharp, Jr.
United States District Judge